UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KOUACOU KOUASSI,

              Plaintiff,

              - against -

NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES,

              Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-7445 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff *pro se* Kouacou Kouassi, who works for the New York City Department of Homeless Services as a Fraud Investigator, brings the instant complaint pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"). The complaint is accompanied by an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, plaintiff's application to proceed *in forma pauperis* is granted and plaintiff's complaint is dismissed with leave to amend within thirty (30) days of the date of this Order.

## IFP APPLICATION

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. *Glass v. Comm. of Soc. Security*, No. 13-CV-4026 (ENV), 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013) (citing *Davis v. N.Y.C. Dept. of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (internal

citations omitted). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. N.Y.C. Dept. of Envtl. Prot.*, No. 12-CV-6344 (CBA), 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); *DiGianni v. Pearson Educ.*, No. 10–CV–0206 (RJD) (LB), 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Maccaro v. N.Y.C. Health & Hosps. Corp.*, No. 07-CV-1413, 2007 WL 1101112 (ENV) (LB), at *1 (E.D.N.Y. Apr. 11, 2007)).

Here, the financial declaration form that plaintiff has submitted, (Decl. (Doc. No. 2)), satisfies the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff is employed by the New York City Department of Homeless Services and his bi-weekly net pay is $1,335.58. (Decl. at ¶ 2.) Plaintiff has $127.00 in a checking or savings account. (*Id.* at ¶ 4.) Plaintiff pays $1,452.61 per month for rent, $121.49 a month for phone service and supports his spouse, parents and four children. (*Id.* at ¶¶ 6, 7.) Based on plaintiff's IFP application, the Court finds that plaintiff does not have sufficient resources to pay the $400 filing fee to commence this action and his request to proceed IFP is therefore granted.

## ADEA CLAIM

Section 1915 of Title 28 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§

1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. *See id.* § 1915A(b).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Although the plaintiff in this case seeks to bring an ADEA claims, he fails to plead sufficient factual allegations to support a claim for relief. The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he

3

experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

Here, plaintiff states that he was born in 1964 and is a member of protected class based on his age. (Compl. (Doc. No. 1) at 3.) However, although plaintiff alleges that he has been continually harassed, intimidated, and retaliated against by his supervisors, he provides no facts that could give rise to an inference that he has been discriminated against *because of* his age. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (stating that "[u]nder *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief."); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (concluding that although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

Plaintiff's request to proceed IFP is granted. Although plaintiff's complaint fails to state a claim on which relief can be granted, in light of his *pro se* status, he is granted thirty (30) days leave from the date of this Order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that his employer discriminated against him based on his age, in violation of the ADEA.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

The Clerk of Court is directed to mail a copy of this Memorandum and Order and an employment discrimination form complaint to plaintiff, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
January 29, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge