UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KOUACOU KOUASSI,

                Plaintiff,                            **MEMORANDUM AND ORDER**
                                                      14-CV-7445 (RRM) (LB)
                -against-

NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES,

                Defendant.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff *pro se* Kouacou Kouassi brings this action against his employer, the New York City Department of Homeless Services ("DHS"), pursuant to the Age Discrimination in Employment Act of 1967 (the "ADEA"), as codified, 29 U.S.C. §§ 621 *et seq.* Presently before the Court is DHS's motion to dismiss Kouassi's ADEA claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss (Doc. No. 15).) For the reasons below, DHS's motion is granted and the case is dismissed.

## BACKGROUND

### I. Alleged Discrimination and Retaliation

        The following facts are taken from Kouassi's Amended Complaint and assumed true for purposes of this Memorandum and Order.[1] (Am. Compl. (Doc. No. 6).) Kouassi began employment as a Fraud Investigator with DHS in August of 2000. (Am. Compl. at 10.)[2] In May 2009, DHS terminated Kouassi's employment in response to a client's complaint regarding his

---

[1] In resolving motions to dismiss, courts may consider documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records. *See Glob. Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156–57 (2d Cir. 2006). Accordingly, this Court has considered the documents as referenced in Kouassi's amended complaint and attached to Kouassi's opposition. (Pl.'s Opp'n (Doc. No. 14); Pl.'s Opp'n Attach. ("Attach.") (Doc. No. 14-1).)

[2] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

behavior. (*See* Pl.'s Opp'n Attach. ("Attach.") (Doc. No. 14-1) at 4.) In August 2010, Kouassi and DHS went before an arbitrator, who ordered that Kouassi be reinstated. (*See* Am. Compl. at 12.) Kouassi alleges that since being reinstated, DHS has discriminated against him because of his age. (Am. Compl. at 6.)

Kouassi alleges that this discrimination began when, in violation of the arbitrator's 2010 order, DHS "refused to reinstate [him] with [his] previous work schedule." (Pl.'s Opp'n at 1.) Kouassi reports that he "could not take it anymore," and stayed out of work due to psychological issues until March of 2011. (*See id.*; Attach. at 8–10.) At a second arbitration, DHS was ordered to reinstate Kouassi at the end of April 2011. (Attach. at 22.) A lawyer for Kouassi's union wrote a letter to DHS on April 6, 2011 explaining that, if necessary, Kouassi would accept a voluntary demotion from Fraud Investigator Level II to Fraud Investigator Level I in order to avoid client contact. (*Id.*) DHS reinstated Kouassi in June of 2011, and demoted him from Level II to Level I in March of 2013. (*See* Attach. at 33.)

Kouassi alleges that ever since he returned to work, he has been targeted unreasonably on numerous occasions. Kouassi claims he was "demoted by Mr. Mark Neal, although he made me lose three salaries to accommodate me." (Am. Compl at 4.) Kouassi further alleges that "recently, the agency promoted some younger individuals who have less experience than [him], and less time at the agency than [him]." (Am. Compl. at 8.) He contends that DHS has not promoted him because of his age. (*Id.*)

Kouassi also alleges that he was given "malicious assignments, abused, maltreat[ed] by Ms. Samantha Donaldson," his supervisor. (*Id.* at 4, 6–7.) Kouassi specifies four interactions with Donaldson, which he claims amount to "maltreatment." (*Id.* at 6–7.) First, Kouassi alleges that Donaldson twisted his wrist in December 2013, causing periodic pain in his arm. (*Id.* at 6.)

2

Second, Kouassi alleges that Donaldson sent him to buy a butter roll in early January 2014, and upon his return with the butter roll, she "screamed" at Kouassi and threw the roll in the garbage. (*See id.* at 6–7.) Third, Kouassi claims that on February 4, 2014, Donaldson "wrote [him] up" for a disciplinary incident "because of [his] age." (*Id.* at 6.) Kouassi alleges that Donaldson did not write up his partner – whose age is not specified. (*Id.*) Finally, Kouassi alleges that on April 11, 2014, Donaldson harassed him by making an "improper inquiry . . . about [his] assignment." (*Id.*)

Kouassi further describes a series of incidents occurring between November 24, 2012 and April 11, 2014, which he claims amounted to age discrimination, hostile work environment, and retaliation. (*See* Am. Compl. at 6–8.) On November 24, 2012, Adamika Fernandez – a Fraud Investigator Level II – allegedly refused to sign documents for Kouassi regarding medical care for an on-the-job car accident. (*Id.* at 7.) On December 16, 2013, Fernandez questioned Kouassi about why "someone else wanted to go home" after commenting "let me ask you, you are older." (*Id.*) Kouassi further alleges that Fernandez "physically stood next to me, as a form of domination and intimidation . . . while I was being conference[d] by her and . . . Donaldson." (*Id.*)

## II. Procedural History

On April 14, 2014, Kouassi sent an intake questionnaire to the Equal Employment Opportunity Commission ("EEOC") indicating that he wished to file a charge of age discrimination. (Compl. at 9 (Doc. No. 1).) On September 24, 2014, the EEOC issued a Dismissal and Notice of Rights, stating that it was unable to conclude that a violation had occurred. (Am. Compl. at 9.) On December 19, 2014, Kouassi commenced the instant action. In a Memorandum and Order, the Court dismissed Kouassi's original complaint without

3

prejudice for failure to state a plausible claim of age discrimination, and granted him a 30-day leave to amend his complaint. (Mem. & Order (Doc. No. 5).) Kouassi then filed the instant amended complaint. (*See generally* Am. Compl.) Subsequently, DHS filed a fully briefed motion to dismiss pursuant to Rule 12(b)(6). (Mot. Dismiss.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A complaint need not contain "detailed factual allegations," but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In the context of employment discrimination claims, a plaintiff is not required to plead facts that amount to a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

4

However, the complaint must lay out sufficient facts to meet the plausibility standard outlined in *Twombly* and *Iqbal*. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (concluding that although *Twombly* and *Iqbal* do not overrule *Swierkiewicz*, enough facts must still be pleaded to make plaintiffs' claim plausible). Specifically, the complaint must allege "the essential elements of an employment discrimination claim—that [the] plaintiff suffered discrimination on the basis of protected status." *Mabry v. Neighborhood Defender Serv.*, 769 F. Supp. 2d 381, 392 (S.D.N.Y. 2011).

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted. *Twombly*, 550 U.S. at 558.

## DISCUSSION

### I. Kouassi's ADEA Claims Are Partially Time-Barred

In New York, a plaintiff must file a charge with the EEOC within 300 days after the allegedly discriminatory practice to preserve his right to bring a lawsuit. *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906–07 (2d Cir. 1997) (citing 29 U.S.C. § 626(d)); *Dezaio v. Port. Auth.*, 205 F.3d 62, 64 (2d Cir. 2000) (explaining that because New York has antidiscrimination laws and a state enforcement agency, the limitations period is 300 days instead of the usual 180 days). Thus, claims regarding acts that occurred more than three hundred days prior to the employee's filing a charge of discrimination with the EEOC are time-barred. *See Lightfoot*, 110

F.3d at 907; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Kassner v. Second Ave. Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Here, Kouassi filed a charge with the EEOC on April 14, 2014. (Compl. at 9.) Therefore, the following claims regarding events prior to June 21, 2013 (300 days prior) are time-barred: (1) Kouassi's termination in May of 2009; (2) Kouassi's delayed return to work in 2011 and loss of salaries; (3) Kouassi's demotion in March of 2013; and (4) the incident on November 24, 2012, during which Fernandez allegedly refused to sign documents regarding Kouassi's medical care for an on-the-job car accident.

## II. Age Discrimination

Kouassi alleges additional violations that are not time-barred. They fail as well, as they do not give rise to actionable claims.

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To survive a motion to dismiss, a plaintiff must "plausibly allege that adverse action was taken against [him] by [his] employer, and that [his] age was the 'but-for' cause of the action." *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 31–32 (2d Cir. 2016) (citing *Vega v. Hemptstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).

The majority of Kouassi's allegations do not concern adverse actions. "To qualify as an adverse employment action, the employer's action toward the plaintiff must be 'materially adverse' with respect to the 'terms and conditions of employment.'" *Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 767 (2d Cir. 2015) (quoting *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004)). "An adverse employment action is one which is more disruptive

6

than a mere inconvenience or alteration of job responsibilities." *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (internal quotations omitted). Examples of adverse actions include termination, demotion, and loss of benefits. *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal citations omitted). "A negative evaluation alone, absent some accompanying adverse result such as demotion, diminution of wages, or other tangible loss, does not constitute an adverse employment action." *Browne v. City Univ. of N.Y.*, 419 F. Supp. 2d 315, 332 (E.D.N.Y. 2005).

Kouassi's remaining timely allegations include the following isolated incidents: having his wrist twisted, being asked why another person went home, being issued a warning for his performance, being yelled at about a butter roll, being intimidated by another employee's body language, and receiving instructions about new work procedures. (*See generally* Am. Compl.; Pl.'s Opp'n.) Some of these incidents in no way relate to the terms and conditions of Kouassi's employment, and none are "materially adverse" such that they give rise to a claim of discrimination. *See Dawson*, 624 F. App'x at 767. Accordingly, Kouassi's discrimination claims regarding these incidents fail.

Kouassi's failure to promote claim is the only timely allegation that arguably constitutes an adverse action. In his complaint, Kouassi alleges that "[r]ecently, the agency promoted some younger individuals who have less experience than [him], and less time at the agency than [him]." (Am. Compl. at 8.) He further states that despite his "outstanding work record" and "work ethic," DHS has been "neglecting" him. (*Id.*) However, Kouassi does not allege any basis to conclude that he was discriminated against because of his age. Rather, in conclusory fashion, Kouassi states that "he thinks" the younger employees were promoted because he is "older than most of the other employees in the unit." (*Id.*) He alleges nothing about the

7

experience of the other individuals, their age, or any facts to suggest that his age was the cause for denying him a promotion. Thus, Kouassi's thread-bare allegations are not sufficient to state a plausible claim for relief.

Conclusory statements without "evidentiary support or allegations of particularized incidents . . . cannot withstand a motion to dismiss." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (internal quotations and citation omitted). To survive a motion to dismiss, the plaintiff must allege facts that "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015). Kouassi fails to plead with specificity "similarly situated persons outside of [his] protected class being treated differently," *De La Peña v. Metro. Life. Ins. Co.*, 552 F. App'x 98, 100 (2d Cir. 2014), and fails to allege more than a "sheer possibility" that DHS acted unlawfully. *See Wang v. Palmisano*, 157 F. Supp. 3d 306, 340 (S.D.N.Y. 2016) (granting defendants' motion to dismiss plaintiff's ADEA failure-to-promote claim because the complaint "provides no details about these putative hires, such as their hire dates, ages, qualifications, work experience, or whether Defendants knew their age"); *Nance v. City of New York*, No. 09-CV-2786 (ENV), 2011 WL 2837491, at *4 (E.D.N.Y. July 14, 2011) (dismissing plaintiff's ADEA claim where plaintiff merely alleged that he was replaced by a younger employee but did not specify additional details to suggest a minimal inference of discriminatory motivation). As in *Wang* and *Nance*, Kouassi fails to allege that he applied for any promotions and he provides no details about the promotion dates, the younger employees' ages, their work experience, or whether DHS knew their age.

Even construing Kouassi's complaint under the "less stringent standards" afforded to *pro se* plaintiffs, Kouassi fails to plausibly allege that age was the "but-for" cause of DHS's alleged failure to promote him. At the motion to dismiss stage, a plaintiff is "required to set forth factual

circumstances from which discriminatory motivation . . . can be inferred." *Mabry*, 769 F. Supp. 2d at 392 (citing *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). Examples include "preferential treatment given to similarly situated individuals or remarks that convey discriminatory animus." *Id.* However, "[t]he ADEA does not make all discussion of age taboo." *Raskin v. Wyatt Co.*, 125 F.3d 55, 63 (2d Cir. 1997). "[T]he more remote and oblique [a] remark[] [is] in relation to the employer's adverse action, the less [it] prove[s] that the action was motivated by discrimination." *Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 115 (2d Cir. 2007), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009); *see De La Peña v. Metro. Life. Ins. Co.*, 953 F. Supp. 2d 393, 413 (E.D.N.Y. 2013) (finding defendant employer's remark that "Filipinos are heavy beer drinkers" was a stray remark in part because it was so far removed in time and had such a tangential relationship to the plaintiff's ultimate discharge). "[S]tray remarks, even if made by a decision maker, do not constitute sufficient evidence to support a case of employment discrimination." *Williams v. Victoria's Secret*, No. 15-CV-4715 (PGG) (JLC), 2017 WL 384787, at *9 (S.D.N.Y. Jan. 27, 2017) (collecting cases), *adopted by*, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) (finding the remarks on plaintiff's age were "stray remarks" with no "causal nexus" to the decision to terminate the plaintiff where plaintiff failed to describe the context of the comments or their proximity to his termination).

Here, the lone remark pertaining to Kouassi's age occurred when Fernandez allegedly stated "let me ask you, you are older." (Am. Compl. at 7.) However, like the plaintiff in *Williams*, Kouassi provides no context to Fernandez's lone remark, other than saying that it occurred before Fernandez asked him why "someone else wanted to go home." (*Id.*) Kouassi does not allege that the content of Fernandez's remark was discriminatory, or that there was any

9

nexus between her remark and DHS's failure to promote him. (*See id.*) Accordingly, Fernandez's remark does not plausibly suggest discriminatory animus, let alone "but-for" causation between Kouassi's age and any alleged missed promotion. Thus, Kouassi's failure to promote claim is dismissed.[3]

### III. Retaliation

The Court construes Kouassi's Amended Complaint to allege that since he was reinstated, DHS has retaliated against him by demoting him, failing to promote him, and "targeting [him] unreasonably." (*See* Am. Compl. at 8.)

For a retaliation claim to survive a motion to dismiss, the plaintiff must plausibly allege that: (1) he participated in a protected activity known to the defendants; (2) defendants took an employment action disadvantaging him; and (3) there is a causal connection between the protected activity and the adverse action. *Littlejohn*, 795 F.3d at 315–16; *Vega*, 801 F.3d at 90; *see also Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012) (applying the same standard to Title VII and ADEA). To plead a causal connection between the plaintiff's protected activity and an adverse employment action, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* Protected activity consists of filing formal charges of discrimination or making informal complaints of discrimination to management. *Gregory v. Daly*, 243 F.3d 687, 700 (2d Cir. 2006); *see also Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 236 (2d Cir. 2012) ("The term 'protected activity' refers to action taken to protest

---

[3] In his opposition to DHS's motion to dismiss, Kouassi also claims that DHS violated the American's with Disabilities Act by failing to accommodate him. (*See* Pl.'s Opp'n at 1.) "[A] complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss . . . ." *Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007); *see Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). However, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). That said, Kouassi's failure-to-accommodate claim is devoid of the necessary facts. Kouassi offers no substantive facts regarding accommodations he may have or failed to receive. (*See* Am. Compl. at 8; Pl.'s Opp'n at 1.) Accordingly, his ADA claim is dismissed for failure to state a claim.

or oppose statutorily prohibited discrimination."). However, "[m]ere complaints of 'unfair treatment by an individual' are not protected" under Title VII and the ADEA. *McNutt v. Nasca*, No. 10-CV-1301 (MAD), 2013 WL 209469, at *16 (N.D.N.Y. Jan. 17, 2013) (noting that "[t]he onus is on the speaker to clarify to the employer" that he is complaining of unfair treatment because of membership in a class protected by Title VII); *compare Lebowitz v. N.Y.C. Dep't of Educ.* No. 15-CV-2890 (LDH), 2017 WL 1232472, at *10–11 (E.D.N.Y. Mar. 31, 2017) (finding that plaintiffs sufficiently alleged participation in protected activity by alleging that they "repeatedly complained to Defendants about the discriminatory treatment that they endured because of their age"), *with Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (per curiam) (finding that even though plaintiff's complaint "repeatedly used the words 'discrimination' and 'harassment,'" "there was nothing in her protests that could reasonably have led [the company] to understand that [gender discrimination] was the nature of her objections" (citation and quotation marks omitted)), *and McManamon v. Shinseki*, No. 11-CV-7610 (PAE), 2013 WL 3466863, at *7 (S.D.N.Y. July 10, 2013) (holding that the plaintiff did "not plausibly allege [] that he engaged in activity protected by the ADEA, nor ple[a]d any facts demonstrating a causal connection between that activity and any adverse employment action").

Here, Kouassi fails to allege any facts from which it can be inferred that he engaged in any protected activity prior to the filing of his EEOC charge in April 2014. (*See generally* Am. Compl.) Kouassi does not allege, for instance, that he filed a complaint or grievance with supervisors about acts of alleged discrimination on the basis of his age. Kouassi merely makes the conclusory assertion that "ever since I went back to work after the arbitrator ruled in my favor, I have been targeted unreasonably on numerous occasions." (*See id.* at 8.) Absent facts

that demonstrate Kouassi complained informally or formally about age discrimination, Kouassi's amended complaint fails to state a plausible claim of retaliation. Even assuming *arguendo* that Kouassi adequately pleaded his participation in a protected activity, Kouassi fails to establish a causal connection between any such protected activity and the alleged adverse actions of "failure to promote" and "demotion." (*See generally* Am. Compl.). Accordingly, Kouassi's retaliation claim is dismissed for failure to state a claim for relief.

## IV. Hostile Work Environment

To the extent that he alleges a claim of hostile work environment, Kouassi must plead facts that would tend to show that the conduct: (1) is objectively severe or pervasive – that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's protected characteristic, in this case, Kouassi's age. *Patane*, 508 F.3d at 113; *accord Gregory v. Daly*, 243 F.3d 687, 691–92 (2d Cir. 2001); *Figueroa v. Johnson*, 648 F. App'x 130, 134–35 (2d Cir. 2016). In other words, plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, [sic] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn*, 795 F.3d at 320–21 (internal citation and quotation marks omitted). Kouassi has failed to allege facts sufficient to demonstrate a plausible claim.

As noted above, Kouassi has failed to raise a plausible inference of age discrimination in connection with his employer's actions as described in the amended complaint. Moreover, the actions complained of hardly give rise to the type of severe course of conduct actionable as a hostile work environment, including his conclusory allegations that he was "abused,"

"maltreat[ed]," and "targeted unreasonably." (*See* Am. Compl. at 4, 8); *see, e.g., Fleming v. MaxMara USA, Inc.*, 371 F. App'x 115, 119 (2d Cir. 2010) (concluding that no hostile work environment existed even though "defendants wrongly excluded [the plaintiff] from meetings, excessively criticized her work, refused to answer work-related questions, arbitrarily imposed duties outside of her responsibilities, threw books, and sent rude emails to her"); *see also Davis-Molinia v. Port Auth. of N.Y. & N.J.*, No. 08-CV-7586 (GBD), 2011 WL 4000997, at *11 (S.D.N.Y., Aug. 19, 2011) (finding that "diminished [job] responsibilities," "exclu[sion] from staff meetings," deliberate "avoid[ance]," "yell[ing] and talk[ing] down to," and an increased workload of menial tasks, among other factors, was not enough to show that defendants' conduct was sufficiently severe or pervasive), *aff'd*, 488 F. App'x 530 (2d Cir. 2012). Thus, by any measure, Kouassi has failed to plausibly allege that his workplace was "permeated with discriminatory intimidation, ridicule, and insult" objectively severe or pervasive enough to alter the conditions of his employment. *See Littlejohn*, 795 F.3d at 320–21.

## CONCLUSION

For the reasons set forth above, DHS's motion to dismiss (Doc. No. 15) is granted and Kouassi's amended complaint is dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court has previously granted Kouassi leave to amend his complaint to state a plausible claim of age discrimination. (*See* Mem. & Order; *see generally* Am. Compl.) To the extent that Kouassi seeks to amend his complaint for a second time, he may file a motion within thirty (30) days of this Memorandum and Order, setting forth the bases for his request and addressing why any amendment would not be futile or inconsistent with this Memorandum and Order. A proposed Second Amended Complaint must be appended to the

request. If Kouassi fails to file such a motion within the allotted time, the Court will direct the Clerk of Court to enter judgment and terminate this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Kouacou Kouassi, *pro se*, and note the mailing on the docket.

SO ORDERED.

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
       September 25, 2017